320 So.2d 326 (1975)
Argentine Emelia Black FISHER, Plaintiff-Appellee,
v.
John A. FISHER, Defendant-Appellant.
No. 5125.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*327 Sandoz, Sandoz & Schiff, by Lawrence B. Sandoz, Jr., Opelousas, for defendant-appellant.
Mouton & Roy by John K. Hill, Jr., Harmon F. Roy, Lafayette, for plaintiff-appellee.
Before WATSON, DOMENGEAUX and MORRIS, JJ.
MORRIS, Judge.
This case involves the payment of alimony by defendant-appellant, Dr. John A. Fisher, to his former wife, Argentine Emelia Black Fisher, the plaintiff and appellee herein. This matter has a long history. In 1962 judgment was rendered in the district court ordering defendant, John A. Fisher, to pay unto plaintiff, Argentine Emelia Black Fisher, alimony for the support and maintenance of herself and five minor children, Argentine Mary Fisher, Adelaide Elizabeth Harry Fisher, Catherine Leslie Fisher, Emelia Anne Fisher and Claire Adah Marie Fisher, in the sum of $1,250.00 per month. In 1966 the parties agreed to a reduction in said payment to $1,000.00 per month. In 1971 the defendant, John A. Fisher, alleging that three of the children, Argentine Mary Fisher, Adelaide Elizabeth Harry Fisher and Catherine Leslie Fisher, had either reached the age of majority or been emancipated by marriage, brought a motion for a decrease in alimony. This motion, filed July 28, 1971, alleges that the two remaining minors, Emelia Anne and Claire Adah Fisher, are, respectively, seventeen and fourteen years of age. On March 16, 1972, pursuant to a joint stipulation and agreement of the parties, the original Judgment of September 28, 1962, was amended as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the defendant, JOHN A. FISHER, be and he is hereby ordered to pay to the plaintiff, ARGENTINE EMELIA BLACK FISHER, alimony at the rate of Six Hundred and No/100 ($600.00) Dollars per month, commencing June 1, 1972, and in addition thereto pay all schooling, transportation and living expenses for Emelia Anne Fisher and in addition thereto, during the months in which Emelia Anne Fisher is not in college to pay to plaintiff the sum of One Hundred and No/100 ($100.00) Dollars per month for her room and board.
*328 As an amendment [so stated in the preamble] the order of March 16, 1972, has the same effect as the original judgment, except that $1,250.00 per month is reduced to $600.00 per month. It was obviously intended in the original judgment to make one unapportioned award for the support of the wife and the minor children, and the intent of the amended judgment is clearly to continue this manner of making the award in one lump sum. Since there were still two minor children at that time, it cannot be said that the award was intended for the wife alone, and we view the "consent" judgment simply as a modification of the original judgment making one unapportioned award of alimony for the wife and support of the children. No appeals were taken from any of the prior orders or judgments.
On June 25, 1974 defendant-appellant filed a motion styled "Motion to Discontinue Alimony and to Fix Child Support" in which Dr. Fisher prays for the rescinding of the Order of March 16, 1972 fixing alimony at $600.00. He alleges that Mrs. Fisher has assets over $20,000.00 and is not entitled to alimony. In his motion Dr. Fisher also expressed a willingness to pay the education expenses of his children, Emelia Anne Fisher and Clare Adah Marie Fisher. It is the judgment rendered on this motion which is involved in this appeal.
At the trial of the motion, which was held on September 30, 1974, it was stipulated that defendant's list of income, household and personal expenses, as well as plaintiff's affidavit of living expenses, would be received in evidence. It was further stipulated (a) that at the time the previous judgments had been rendered Mrs. Fisher owned all of the property which she presently owns, (b) that Mrs. Fisher's income has deteriorated, (c) that Claire Adah Marie Fisher [the only remaining minor] would be 18 years of age on November 27, 1974, (d) that Dr. Fisher was then paying Claire's college expenses estimated at $417.00 per month, and also the college expenses of Emelia Anne Fisher [20 years of age] estimated at $373.00, (e) that since the last judicial decree in March of 1972, Dr. Fisher has had a small increase in salary, and (f) that Mrs. Fisher has no work experience or training and has not been employed for over 25 years.
On December 17, 1974, Reasons for Judgment were filed in the District Court in which the trial judge found that there was no change in Mrs. Fisher's financial condition, and maintained the alimony at $600.00 per month. The trial judge also observed that there were no minor children as of that date, and deleted that portion of the previous order allowing $100 per month to Mrs. Fisher during the time that Emelia Anne Fisher was not in college. A judgment conforming to the reasons for judgment was signed January 21, 1975, and from this judgment Dr. Fisher appeals.
The "consent" alimony and child support order of March 16, 1972 is an award "previously fixed and determined" and to obtain a reduction, modification or cancellation thereof, it was incumbent upon the mover, Dr. Fisher, to prove a change in respondent's circumstances, or his own, from the time of the last award. Bernhardt v. Bernhardt, 283 So.2d 226 (La. Sup.Ct. 1973). This prerequisite to the court's modification of an alimony award is not restricted to a change in the recipient's financial condition, but includes any change in circumstances of either party. Bernhardt v. Bernhardt, supra.
We think there has been a change in circumstances which would authorize a consideration of the demands of defendant-appellant. At the time the order of March 16, 1972 was entered fixing the unapportioned alimony at $600.00 per month there were two minor children, Emelia Anne Fisher and Claire Adah Fisher. At the time of the trial of the present motion [September 30, 1974] there was only one minor child, Claire Adah Fisher. This is a change in circumstances as the *329 award of March 16, 1972 was a continuation and amendment of the original single award and was for the support of the wife and two minor children. Furthermore, according to the trial stipulation Claire Adah Fisher had become of age at the time Reasons for Judgment were filed and the judgment signed. Therefore, at the present time there are no minor children and it cannot be said that defendant, by consenting to alimony for his former wife and two minor children in the unapportioned amount of $600.00 per month has judicially admitted the need in that amount for the wife and one child, or the wife alone. Bernhardt Case, supra; Bazzell v. Bazzell, 289 So.2d 202 (La.App. 1st Cir. 1973). The trial stipulation of Claire's age and the passage of time which resulted in the majority of this only remaining minor are matters which may be judicially noticed by the court. Prevention of multiplicity of suits, where such is possible, and the ends of justice at the same time subserved, is a function and duty of a court. Foster & Glasell Company, Inc. v. Ackel, 160 So. 863 (La.App. 2nd Cir. 1935). In order to render a fair judgment and avoid future litigation this court therefore, will consider the facts as they exist at the present time, as reflected by the record.
LSA-C.C. Art. 160 is the basis for awarding permanent alimony to the wife. This article provides that the wife who does not have sufficient means for her maintenance is entitled to alimony out of the property and earnings of her former husband. In considering the means of the wife the court must consider both her capital and income. Leavines v. Leavines, 224 So.2d 26 (La.App. 4th Cir. 1969). It is not intended that the means of the wife enable her to maintain a style to which she was accustomed during the marriage, but rather to provide the wife with the basic necessities of food, clothing, shelter and medical expenses, and the peculiar facts of each case must be considered. Wood v. Wood, 289 So.2d 211 (La.App. 1st Cir. 1973). Alimony to the wife after the divorce is in the nature of a gratuity or pension, and is not based on the marital obligation of support. All of these considerations were reviewed by the court in the recent case of Frederic v. Frederic, 302 So.2d 903 (La. Sup.Ct.1974). In that case the wife had liquid assets as well as an undivided interest in property valued in excess of $73,000.00 and the court found that, considering all of the facts, the wife had sufficient means for her support as that term is used in LSA-C.C. Art. 160.
In the present matter Mrs. Fisher does not have liquid assets of any consequence or income producing property, except for a net rental of approximately $1,666.00 received in 1973. The principal assets of plaintiff-appellee are the family home valued at $70,000.00, on which a mortgage balance of $3,000.00 is owed, and shares in Churchill Farms valued at $25,000.00 and from which she receives no dividends. Her liabilities consist of her living expenses, the above mortgage balance and $15,500.00 in loans which she made in order to meet household and living expenses. The assets which Mrs. Fisher own have not changed materially since the previous award, and considering all of the facts and circumstances, as well as the present day inflated cost of living, this court feels that an award of $500.00 per month is sufficient to provide support and maintenance in accordance with the meaning of the codal article.
As stated in Bernhardt v. Bernhardt, supra the major children may bring action for support in their own right under the general right to support article in the event that they feel they are entitled to support from Dr. Fisher and the provision for schooling, transportation and living expenses of Emelia Anne Fisher and Claire Adah Fisher contained in the trial judgment is erroneous. Since both were majors at the time the judgment was signed, provision for their support had no place in the judgment rendered in favor of the wife. We do not understand the pleading *330 of Dr. Fisher to mean that he consents to or requests a provision in the Judgment for support of the major children, but only that he is willing to do this independently of any court order.
Although plaintiff-appellee in her answer requests an increase in the amount of alimony, she has neither appealed nor answered the appeal, and thus her demand, denied by the trial court, cannot be considered by this court.
For the reasons assigned, the judgment of the trial court is amended and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff-appellee, Argentine Emelia Black Fisher, and against defendant-appellant, Dr. John A. Fisher, fixing alimony for the support and maintenance of said plaintiff-appellee in the sum of $500.00 per month. All costs are taxed against defendant-appellant.
Amended and affirmed.