419 So.2d 974 (1982)
Virginia Katherine Pace CROMWELL, Plaintiff-Defendant-in-Rule-Appellant,
v.
Harvey CROMWELL, Jr., Defendant-Plaintiff-in-Rule-Appellee.
No. 8864.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*975 John W. Porterfield, Jeanerette, for plaintiff-appellant.
Cole & Guidry, Robert L. Cole, Lafayette, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Harvey Cromwell, Jr., filed a rule against his former wife, Virginia Katherine Pace Cromwell, to show cause why alimony previously awarded her in a divorce judgment and modified through the parties' joint stipulation should not be terminated. The defendant-in-rule (Mrs. Cromwell) answered, praying for an increase in alimony and that her former husband be held in contempt for failure to pay past due alimony. After trial on the rule, the trial court rendered judgment terminating alimony and dismissing the contempt charges. Mrs. Cromwell appeals. We affirm.
The parties married in 1957 and divorced in 1978. At the time of the divorce, one of their two sons was a minor. The divorce judgment was fashioned according to a stipulation entered between the parties. It awarded Mrs. Cromwell custody of the minor, and alimony of $800 a month until June of 1980 on which date the alimony was reduced to $700 a month. The judgment also set forth additional obligations of Mr. Cromwell concerning his former wife and their two children. Subsequent to the divorce judgment, the parties executed a joint stipulation stating that certain agreements were erroneously omitted from their judgment. The court entered an amended judgment to include these omissions. Among these was Mr. Cromwell's agreement to pay $235.67 representing one-half of the mortgage note on the family home occupied by Mrs. Cromwell for as long as she occupied it but in no event beyond the balance of the present mortgage.
On May 14, 1981, Mr. Cromwell filed the present motion to terminate alimony which was granted by the trial court and from which Mrs. Cromwell appeals.
On appeal, Mrs. Cromwell alleges that the trial court committed three errors, namely (1) in applying the test of necessitous circumstances rather than the change in circumstances test to terminate alimony, (2) in rescinding the order and stipulation requiring Mr. Cromwell to pay one-half of the house mortgage note, and (3) in finding as a fact that there had been a change in circumstances sufficient to warrant termination of alimony.
The first and third assigned errors concern the proper test to apply in terminating alimony and application of that test to the facts of the present suit, respectively. Because of their interrelationship, these two issues will be discussed together.
Louisiana Civil Code Article 160 governs alimony after divorce. Its last line, in pertinent part, provides, "This alimony shall be revoked if it becomes unnecessary..." Jurisprudence interpreting this portion of Article 160 consistently holds that for a court to alter an alimony award, including one established by a consent judgment, the party seeking modification must show a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. Bernhardt v. Bernhardt, 283 So.2d 226 (1973); *976 Fisher v. Fisher, 320 So.2d 326 (La.App. 3rd Cir. 1975); Swider v. Swider, 314 So.2d 372 (La.App. 4th Cir. 1975); cert. denied, 320 So.2d 551 (1975).
The trial judge in his written reasons, discusses the initial setting of alimony and the test applied therefor. However, such discussion was gratuitous and upon reaching the issue of whether Mr. Cromwell is entitled to terminate alimony toward his former wife, the trial judge cites and applies the change in circumstances test.[1] Upon our review of the record, we are in accord with the lower court's application of the change in circumstances test and hence, we adopt the following portion of his well-written opinion:
"Since Harvey Cromwell is seeking to modify a past divorce alimony award he must show a change in his ex-wife's circumstances, or his own, from the time of the award to time of the rule which justifies termination of alimony. Sonfield v. Deluca, 385 So.2d 232 (La.1980), and this change may be in the obligee's needs or in the obligor's ability to pay, Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir. 1980). Nonetheless, Mr. Cromwell has shown changed circumstances in that his former wife is no longer in need of a psychiatrist's care, her children are majors and no longer live with her, she has had an increase in salary from $17,109 to $21,373 as well as supplemental income from other activities. Additionally, her assets including her home have increased in value in as much as this Court can determine in a minimum amount of $50,000.00. And further considering vis a vis that Harvey Cromwell's income has steadily decreased, and that even though he is no longer officially bound to support his major children, Mr. Cromwell supports them in an amount which probably exceeds the divorce judgment figure, the Court feels Mr. Cromwell has shown by a preponderance of evidence sufficient changed circumstances in his former wife's need for alimony and his own ability to pay for the court to find that the change in both parties' circumstances is of such a degree that Mrs. Cromwell is no longer entitled to permanent alimony."
In her second assignment of error, Mrs. Cromwell argues that her former husband's agreement to pay one-half of the mortgage note on the home was not alimony and thus the trial court erred in terminating that obligation upon finding sufficient changed circumstances. We disagree. The divorce judgment was amended, pursuant to the parties' joint stipulation, to include Mr. Cromwell's agreement to pay one-half of the mortgage note. Therefore it comprised part of Mrs. Cromwell's "alimony" and as such, it was thereafter subject to court modification or termination under LSA-C.C. art. 160. In fact, this is precisely what happened. The lower court determined that circumstances had changed sufficiently to require termination of Mr. Cromwell's obligations, including his obligation to pay one-half of the mortgage note. Mrs. Cromwell's argument to the contrary lacks merit.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
The record clearly shows a favorable change in the wife's financial circumstances since rendition of the initial judgment awarding alimony and, likewise, establishes that the wife has sufficient means for her own support. The above being considered, I do not reach the issue as to whether the proper test applicable in all such cases is a showing of a change in circumstances since rendition of the initial judgment. I respectfully concur in the result.
NOTES
[1] In any event, by later arguing that the court incorrectly applied the change in circumstances test to the facts, we find that Mrs. Cromwell has conceded that the change in circumstances test was applied.