458 So.2d 606 (1984)
Connie Deshotel BUXTON, Plaintiff-Appellant,
v.
Berlin M. BUXTON, Defendant-Appellee.
No. 83-952.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*607 William J. Bennett, Marksville, for plaintiff-appellant.
Norman L. Williams, Lake Charles, for defendant-appellee.
Before GUIDRY, STOKER and YELVERTON, JJ.
*608 GUIDRY, Judge.
On July 19, 1982, the plaintiff, Connie Buxton, filed a petition for separation from her husband. By interlocutory order rendered August 11, 1982, Mrs. Buxton was granted temporary custody of the couple's two minor children and was awarded possession and use of the family home. The order also required payment by the husband of the house note due each month to Farmers Home Administration. In addition, Mr. Buxton was ordered to pay alimony pendente lite in the amount of $200.00 monthly and $100.00 child support monthly.
On August 27, 1982, a judgment of separation from bed and board was signed which contained the same support provisions as the interlocutory order of August 11th except that the judgment contained no provision requiring payment of the house note by Mr. Buxton.
On March 4, 1983, Mrs. Buxton filed suit for divorce under La.R.S. 9:302 and sought by rule to have the judgment of August 11, 1982 made executory and for a contempt finding against Mr. Buxton for his alleged failure to pay the monthly house notes due FHA. Mrs. Buxton also prayed for permanent custody of the children, alimony and child support. On May 31, 1983, the above matters were consolidated and after hearing the evidence, the trial court rendered judgment granting the divorce and finding Mrs. Buxton free from fault. The trial court awarded Mrs. Buxton $150.00 per month permanent alimony; permanent custody of the children subject to the husband's visitation rights; and, child support of $100.00 per month. The trial court denied the relief prayed for by the rule.
Plaintiff, Mrs. Buxton, appeals contending that the trial court erred in (1) awarding only $150.00 per month in permanent alimony; and, (2) failing to grant the relief prayed for by the rule.

ALIMONY
Plaintiff contends that the trial court erred in reducing her alimony award from $200.00 per month to $150.00 per month. The plaintiff had been awarded alimony pendente lite in the amount of $200.00 monthly which was reduced to the figure of $150.00 as permanent alimony.
When the court awards less alimony after divorce than was awarded pendente lite, it is not "adjusting" a prior alimony award, but is instead making a new award based on different considerations. Permanent alimony (La.C.C. Art. 160) is in the nature of a pension. Alimony pendente lite (La.C.C. Art. 148), on the other hand, is based on the husband's obligation to support his wife during marriage. If the husband's "means" are sufficient, he must pay alimony pendente lite in an amount sufficient to maintain the wife in a style comparable to that which she enjoyed before the separation. Since permanent alimony and alimony pendente lite are quite different, a lower award of alimony after divorce need not be supported by proof of a change in the circumstances of the parties. Vanier v. Vanier, 344 So.2d 1077 (La.App. 3rd Cir.1977); Wasson v. Wasson, 402 So.2d 718 (La.App. 1st Cir.1981).
Alimony after divorce is only due if the spouse seeking it proves that he or she is without fault and in necessitous circumstances. Frederic v. Frederic, 302 So.2d 903 (La.1974). The spouse who demonstrates a need for permanent alimony is only entitled to an amount sufficient to provide for his or her maintenance. Ward v. Ward, 339 So.2d 839 (La.1976). Those items which are encompassed by the term "maintenance" are: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income tax liability caused by alimony. Loyacano v. Loyacano, 358 So.2d 304 (La. 1978), vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979), affirmed on remand, 375 So.2d 1314 (La. 1979). The amount of alimony fixed by the trial court should not be modified unless the record reveals that it abused the sound discretion with which it is vested under La.C.C. Art. 160. Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982).
*609 Both parties in this matter submitted to the trial court financial statements outlining their respective income and expenses on a monthly basis. Mr. Buxton, who is employed as a police officer by the Lake Charles Police Department, claimed that he earned a gross monthly salary of $1,263.00 of which he netted $1068.00. Mrs. Buxton, who is unemployed, indicated a monthly income of $392.00, the source being unemployment benefits. She claimed to have $822.00 in total expenses per month.
Mrs. Buxton testified that her unemployment benefits were about to run out. She expressed a desire to find employment and indicated that she had attempted to do so but had been unsuccessful. Mrs. Buxton had been gainfully employed before the separation.
In addition to the alimony award, Mr. Buxton was ordered to pay $100.00 a month in child support for the two minor children who reside with their mother, and is also responsible for their medical, dental and pharmaceutical expenses.
The trial judge acknowledged the fact that Mrs. Buxton's unemployment benefits would probably soon run out. However, the trial judge expressed the belief that Mrs. Buxton needed to get herself a job. As mentioned previously, Mrs. Buxton had been employed before the separation and evidently, the trial judge believed that she should be able to find work. Considering Mr. Buxton's income and expenses, as well as Mrs. Buxton's apparent ability to seek employment, it cannot be said that the trial judge abused the considerable discretion afforded him in granting Mrs. Buxton a lower sum as permanent alimony than she was receiving as alimony pendente lite. Finding no clear abuse of discretion, we decline to disturb the trial court's award of permanent alimony.

MOTION FOR A DIRECTED VERDICT
Mrs. Buxton argues that the trial court erred in granting her husband's motion for a directed verdict thereby dismissing her claim that the August 11, 1982 judgment be made executory and that the defendant, Mr. Buxton, be found in contempt. The trial court granted the defendant's motion upon a finding that the judgment of separation rendered on August 24, 1982 did not provide for the defendant to make payment of the FHA house notes, although the order signed by the trial judge on August 13, 1982 did so provide. The trial judge concluded that the judgment of separation superceded the interlocutory judgment of August 11, 1982. Consequently, the trial judge reasoned that Mr. Buxton was not obligated by the judgment of separation to pay the house notes.
In Smith v. White, 398 So.2d 178 (La. App. 3rd Cir.1981), this court addressed the issue of whether a final judgment rendered by a trial court which was inconsistent with a previous judgment on an interlocutory matter superceded the interlocutory order. The court held that the final judgment did supercede the interlocutory judgment.
Applying the Smith rationale to the instant case, we conclude that the judgment rendered by the trial court on August 24, 1982 superceded the previous order rendered on August 11, 1982, which mandated that Mr. Buxton pay the house note.
It should be noted that the judgment of August 24th did provide that Mrs. Buxton was to have the occupancy of the family home rent-free. The rent-free provision had also been included in the initial order of August 11th. Perhaps one might conclude that the implication of this language was to obligate the husband to pay the house note since the wife was to live there rent-free and that the failure to include appropriate language to that effect was an inadvertent omission. Appellant makes this argument in brief. However, the record does not support this conclusion. The trial judge rendered both the interlocutory judgment and the judgment of separation. There is no doubt that he considered this matter. Consequently, we do not find that the omission of the provision in question was inadvertent. Hence, the trial judge was correct in granting defendant's motion for a directed verdict.
*610 For the above and foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.