461 So.2d 467 (1984)
Andrew J. WARE
v.
Elizabeth P. WARE.
No. 84-CA-148.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
*468 Jonathan M. Lake, New Orleans, for plaintiff-appellee.
Santo A. Dileo, Kenner, for defendant-appellant.
Before KLIEBERT, BOUTALL and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Elizabeth P. Ware, asserts that the trial court's refusal to increase the award of alimony after divorce is in error. Furthermore, she argues that the denial of attorney's fees for past due alimony and expert medical fees is also judicially improper.
The plaintiff, Andrew Ware and the defendant, Elizabeth Ware, were divorced on April 1, 1975. Alimony was awarded to the defendant-wife along with child support. In 1983, the plaintiff filed a rule to terminate child support and alimony. The last child of the marriage was now a major, consequently the child support award was terminated. The defendant has also reconvened with a rule to increase alimony.
At the time of trial, the defendant introduced her alleged expense list indicating monthly expenditures of $1,093.00, with $325.00 in alimony representing her monthly income. The defendant alleges that she does not have the physical ability to earn a living and introduced Dr. George Murphy as an expert witness in internal medicine to substantiate this allegation. Dr. Murphy testified that the defendant was suffering from hemorraghic gastritis relating to her chronic anxiety and severe depression. Additionally, there is testimony found in the record establishing the plaintiff's husband's monthly income at approximately $9,000.00.
After hearing the evidence, the trial court denied all rules and terminated child support, but required the plaintiff to continue to pay $325.00 per month in alimony until December 31, 1984. The trial court also denied any award for attorney or expert fees. From this judgment, the defendant-wife has appealed.
The most serious issue in this case is raised by the defendant's argument that the trial court misconstrued her earning capacity as required by LSA-C.C. Art. 160. The trial court was convinced that the defendant presented no evidence that she did not have the ability to find sufficient means for her support. When alimony terminates on December 31, 1984, the defendant will have had over ten (10) years to acquire appropriate education, training and/or employment. The trial court was convinced that her health and age were not impediments to her ability to support herself.
The spouse's earning capacity is a factor to be considered in determining need for purposes of alimony after divorce. The record reveals that the defendant has separate assets, including a home and other income generating property. She also has work experience which would allow her an opportunity to earn a living through her employment.
*469 While the earning capacity of the defendant is to be considered an establishing need and the amount of alimony, it does not necessarily follow that the spouse should be required to take employment of any nature immediately following the divorce. Difficulty in finding employment which would fit in the defendant's longterm gainful employment and which is suitable for her age, training and ability is a proper consideration. Another consideration in evaluating earning capacity, specifically mentioned in Article 160, is further training and education for a reasonable period of time directed toward improving her earning capacity.
On the other hand, the alimony article does not contemplate that in this case the plaintiff-husband should be required, in effect, to subsidize a life-time of employment inactivity by his former wife.
The lack of her seriousness in trying to provide for her economic future during the past several years seems to suggest to this court that the defendant desires to support herself by manipulation of the provisions of the Civil Code.
We believe that under the facts and circumstances found in the record, as they existed at the time of this hearing, the trial court's denial of increased alimony and its eventual termination on December 31, 1984, was within the court's sound discretion. We hold that it would be inconsistent with the codal mandate requiring consideration of earning capacity to require the plaintiff-husband to subsidize the defendant-wife's long-term economic future. Further, she has a demonstrated capacity to earn sufficient income to meet her basic needs. She has had previous work experience as a private secretary, a seamstress and has obtained a real estate license. However, during the last few years, has not even tried or applied for any type of job.
The trial court is vested with much discretion in fixing alimony after divorce and should not be reversed, absent a clear abuse of discretion, Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
Our examination and review of the record supports the finding of the trial judge and we affirm his judgment.
AFFIRMED