496 So.2d 1369 (1986)
Evelyn Prater HARPER, Plaintiff-Appellee,
v.
Glenn Everett HARPER, Defendant-Appellant.
No. 85-1185.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Writ Denied January 9, 1987.
Norman L. Williams, Lake Charles, for defendant-appellant.
Burkett and Chevallier, Edward Chevallier, Many, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
GUIDRY, Judge.
Appellant, Glenn Everett Harper, and appellee, Evelyn Prater Harper, were married March 15, 1958 in Orange, Texas. Thereafter they established their matrimonial domicile in Sabine Parish, Louisiana. No children were born to the Harpers.
On February 26, 1982, Mrs. Harper filed a petition for divorce or, alternatively, for separation from bed and board, based upon adultery and mental cruelty, respectively. In March, 1982, a separation was granted and alimony pendente lite awarded. A judgment of divorce was signed March 31, 1983. In that same judgment, permanent alimony was granted to Mrs. Harper in the amount of $1,047.00 per month.
The litigation from which this appeal arises began with Mrs. Harper filing a motion to determine and make executory past due alimony and a rule for contempt in January, 1985. In response, Mr. Harper filed a rule to rescind or, alternatively, to reduce alimony. Mrs. Harper countered with a rule to increase her alimony. All of the foregoing rules were tried on August 19, 1985.
*1370 Following that hearing, the trial judge, upon stipulation of the parties, found Mr. Harper to be $1,969.50 in arrears, which amount was made executory. Mr. Harper was also ordered to pay Mrs. Harper $350.00 in attorney's fees and cast for all costs of the proceeding. All other rules were denied with Mrs. Harper's permanent alimony being maintained at $1,047.00 per month.
Judgment was signed September 12, 1985, and on September 25, 1985, Mr. Harper moved for this appeal. Mrs. Harper neither appealed nor answered Mr. Harper's appeal.
Appellant argues that the trial court erred in refusing to rescind or, alternatively, to reduce the alimony previously awarded appellee, Evelyn Prater Harper. We affirm the actions of the trial court.
In Romero v. Romero, 463 So.2d 768 (La.App.3rd Cir.1985), writ denied, 465 So.2d 735 (La.1985), a panel of this court addressed the question of reduction or termination of alimony stating:
"La.C.C. art. 160 sets out the circumstances in which permanent alimony may be granted and the factors to be considered in setting the award:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage."
This court in Cromwell v. Cromwell, 419 So.2d 974 (La.App.3rd Cir.1982) stated with regard to the last sentence of La.C.C. art. 160 that:
"Jurisprudence interpreting this portion of Article 160 consistently holds that for a court to alter an alimony award, including one established by a consent judgment, the party seeking modification must show a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. Bernhardt v. Bernhardt, 283 So.2d 226 ([La.]1973); Fisher v. Fisher, 320 So.2d 326 (La.App. 3rd Cir.1975); Swider v. Swider, 314 So.2d 372 (La. App. 4th Cir.1975); cert. denied, 320 So.2d 551 (1975)." "
We note that the later version of Article 160 refers to "sufficient means for support" whereas the former wording of the article referred to "sufficient means for his or her maintenance". We attach no significance to this change in terminology and find the items encompassed by the term support to be: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability caused by alimony. See Buxton v. Buxton, 458 So.2d 606 (La. App. 3rd Cir.1984), and cases cited therein.
Appellant argues that, under the rationale of Ware v. Ware 461 So.2d 467 *1371 (La.App. 5th Cir.1984), Mrs. Harper's alimony should be terminated. In Ware, supra, the court stated:
"... [t]he alimony article does not contemplate that in this case the plaintiff-husband should be required, in effect, to subsidize a lifetime of employment inactivity by his former wife.
The lack of her seriousness in trying to provide for her economic future during the past several years seems to suggest to this court that the defendant desires to support herself by manipulation of the provisions of the Civil Code." (Emphasis ours).
We find the Ware case factually inapposite. In Ware, supra, the trial court found that Mrs. Ware's health and age were not impediments to her ability to support herself. In the present case, however, the trial judge found that Mrs. Harper was unemployable because of her age and medical condition.
Appellant's alternative argument is that, because of a change in circumstances (Mrs. Harper no longer has a house or car note to pay, as both debts have been retired), the alimony originally awarded should now be reduced.
The trial judge, in his reasons for judgment, which were issued orally from the bench, stated:
"...Let me say this, gentlemen. This is how I see the evidence in the case....
We have basically then one party who is not employed. I don't find her unemployment to be frivolous for those two reasons; because of her age and her medical condition.
Mr. Harper, on the other hand, thus far this year states that he has grossed approximately sixty thousand dollars. And for the first eight months of the calendar year, that's an average, if my arithematic is correct, of about seventy-five hundred dollars a month, which is a substantial income.
And I think it supports the notion that he has the ability to pay the current amount that he has been ordered to pay by the court.
Mrs. Harper has asked for an increase in alimony, and has filed in support of that request an affidavit of her monthly expenses. Which, incidentally, do not include any house notes. I agree with you counsel, that that is no longer a claimed item of expense. She enumerates expenses of some seventeen hundred and forty dollars.
Now, even if you deduct liberally the sum of seven hundred and forty dollars, or seven hundred dollars, even, that still would leave us at about the point where we were to begin with, and that is the original alimony award of a thousand and forty-seven dollars a month.
I am not saying that her list is inflated to that point....
The point being, that even if you deducted liberally from her estimated expenses, and since she has not included in her expenses any amount for housing, as you also noted should not be included, you are still left, as I see it, with the inexorable conclusion that she needs approximately a thousand and forty-seven dollars a month to live on."
Although the learned trial judge did not specifically state it, it is obvious that he found no change in circumstances on the part of Mrs. Harper and no change in the ability of Mr. Harper to provide the necessary support owed to his former wife.
It is well settled that, where alimony awards are concerned, the trial court is vested with much discretion and that, on review, those awards will not be modified unless appellant can clearly demonstrate that the trial court abused its considerable discretion or committed manifest error in its factual determinations. Romero v. Romero, supra; Buxton v. Buxton, supra; Cunningham v. Cunningham, 448 So.2d 910 (La.App. 3rd Cir.1984).
In the present case, appellant has failed to demonstrate to this court that the judgment appealed from contained either an abuse of discretion or any manifest error on the part of the trial court.
*1372 Accordingly, the judgment appealed from is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.