NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-251

JOSEPH B. LALONDE

VERSUS

NORMA LANCLOS LALONDE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 41746
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED AS AMENDED.

Randy Paul Angelle
Bernard & Angelle
P.O. Box 3265
Lafayette, LA 70502
(337) 232-7231
Counsel for Secondary Plaintiff/Appellant:
Joseph B. Lalonde

**W. Glenn Soileau**
**Attorney at Law**
**P. O. Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**Counsel for Defendant/Appellant:**
**Norma Lanclos Lalonde**

**EZELL, JUDGE.**

Both Joseph Lalonde and Norma Lalonde appeal a trial court's judgment which reduced the award of permanent alimony to Norma from $750.00 to $304.71 a month. Joseph alleges that the evidence supported termination of the alimony obligation. Norma contends the evidence established that she was entitled to an increase in the alimony award.

## FACTS

Joseph and Norma were divorced on July 19, 1986. At that time, Joseph was ordered to pay $500.00 a month in alimony. On May 24, 1990, Joseph's alimony obligation was increased to $750.00 a month.

On April 5, 2005, Joseph filed a rule to terminate the alimony award. Norma responded with a rule for an increase in alimony. A hearing was held on October 10, 2005. On February 3, 2006, a judgment was entered denying both motions. The trial court ordered Joseph to pay a reduced amount of alimony of $304.71 a month. Both parties appeal the judgment.

## DISCUSSION

Joseph appeals the trial court's decision arguing that many of the expenses listed by Norma were not reasonable or necessary and that she now has sufficient income for her maintenance. On the other hand, Norma alleges that she is entitled to an increase in alimony from $750.00 a month to $1,054.96 a month because the trial court failed to take into account that her listed net income of $2,870.30 included $750.00 in alimony she was receiving.

In written reasons for judgment the trial court made the following findings:

Mrs. LaLonde's [sic] gross monthly income is $3,358.60, monthly deductions are $291.96 (Federal income tax of $150.88, State Income Tax $35.08, FICA of $88.20 and additional taxes paid of $214.14 ÷ 12 = $17.85). Her net monthly earnings are $3,066.59. Her monthly

1

expenses consist of those items shown on her Revised Affidavit of Income and Expenses filed in these proceedings, which have not changed much since 1987, except the credit card payments of $436.25, totaling $3,371.30. The Court accepts the testimony of Mr. Hollier that most, in not all, of the credit card payments constitute a duplication of the individually listed items of expense. Mrs. LaLonde's [sic] actual expenses have not increased much since 1987. She does not live an extravagant lifestyle. The items which are included in her monthly expenses, other than the duplication of the credit cards, are reasonable necessary expenses for maintenance. The Court therefore finds that Mrs. LaLonde's [sic] needs exceed her income by $304.71 and will order that the spousal support in this matter be decreased to the amount.

A trial court is vested with great discretion in fixing an award of alimony, and its determination is not to be reversed absent a clear abuse of that discretion. *Thibodeaux v. Thibodeaux*, 525 So.2d 69 (La.App. 3 Cir. 1988).

At the time the parties divorced, La.Civ.Code art. 160 provided for alimony when the wife has not been at fault and has not sufficient means for her support. Article 160 further provided that the alimony award shall be revoked if it becomes unnecessary.

The party seeking a modification of an alimony award must show a change in circumstances of either party from the time of the award to the time of trial of the alimony rule. *Cromwell v. Cromwell*, 419 So.2d 974 (La.App. 3 Cir. 1982). Both parties sought a change in the alimony award in the present case so both parties had to establish a change in circumstances.

Since the time of the 1990 award, the minor son that was living with Norma is now gone. Joseph argues that at the time of the 1990 alimony award Norma's gross income was $780.00. She now has a gross income of $2,608.60 which includes $1,422.60 from her employment, $936.00 in social security, and $250.00 in rent from a lady who has been renting a room in her house for about six years. This income amount does not take into account the $750.00 in alimony Norma is presently receiving. He also claims that many of the expenses listed by Norma are not

2

reasonable and necessary expenses as contemplated by Article 160, which were included by the trial court in assessing Norma's situation.

The term "support" has been held to include "food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability caused by alimony." *Harper v. Harper*, 496 So.2d 1369, 1370 (La.App. 3 Cir. 1986), *writ denied*, 499 So.2d 87 (La.1987). It has been held that expenses such as educational expenses, gifts, entertainment, life insurance, cable television, vacations, newspapers, church dues, yard expenses, various appliance maintenance contracts, an expense account for future house repairs, or personal grooming, while prudent, go beyond maintenance. *Lindsey v. Lindsey*, 546 So.2d 1332 (La.App. 3 Cir. 1989); *Kean v. Kean*, 388 So.2d 398 (La.App. 1 Cir. 1980); *Shenk v. Shenk*, 563 So.2d 1000 (La.App. 4 Cir. 1990); *Richard v. Richard*, 527 So.2d 481 (La.App. 5 Cir. 1988).

In addition to listing expenses of $90.59 for personal and grooming, $40.00 for a spiritual study, $97.31 for gifts and donations, $24.50 for entertainment, $48.63 for cable TV, and $140.00 for yard work, Norma included an expense of $350.00 a month for long-term care insurance which she has not bought yet and $79.00 for a supplemental social security insurance premium which is already deducted from her social security payment she receives. The total amount of these non-maintenance expenses is $870.03. Joseph also argues that the category "Housing" includes $110.18 a month based on the one-time purchase of an appliance at a cost of $440.70. Also included is $250.87 for repairs based on repairs to the home for three months.

Even deducting these expenses, Norma still has $2,576.47 in expenses which exceeds her net income of $2,120.30 by $456.17. Based on this evidence, we find the trial court did not abuse its discretion in reducing the amount of permanent alimony

3

Norma receives.  However, the amount should have only been reduced to $456.17.

Therefore, we will amend the judgment accordingly.

For the above reasons, the judgment of the trial court is amended to reflect that

Norma Lalonde is entitled to permanent alimony in the amount of $456.17.  Costs of

this appeal are split amongst the parties.

**AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3
Uniform Rules, Court of Appeal.