307 So.2d 377 (1974)
AUSTRAL OIL COMPANY, INC., et al.
v.
MILLIKEN & FARWELL, INC., et al.
No. 10074.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Writ Refused April 11, 1975.
*378 Charles L. Chassaignac, New Orleans, for appellants.
John McCollam, New Orleans, for appellees.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
ELLIS, Judge:
Plaintiffs Austral Oil Company, Incorporated, et als, are the owners of a mineral lease granted by Little Texas, Inc. and St. Emma, Inc. to Charles T. McCord, Jr. on November 1, 1968. A dispute has arisen as to the proper recipients of a portion of certain payments made and to be made pursuant to a letter agreement executed contemporaneously with the above lease. Claimants are Edwa Stewart McCulloch, Edwa Farwell Osborn, Charles Farwell, and Tex Emma, Inc., on the one hand; and Milliken & Farwell, Inc. and Westover Planting Co., Ltd. on the other hand.
Prior to the time the dispute arose, and until May 1, 1973, payments of the disputed funds totalling $87,652.59 were made to the group composed of Mrs. McCulloch et als.
This is a concursus suit, brought under the provisions of Articles 4651 et seq. of the Code of Civil Procedure, in which Austral seeks to deposit the disputed portion of the royalties becoming due under the latter agreement pending a settlement of the dispute, and impleading all of the claimants named above.
In addition, and in the event the Milliken & Farwell group be found to be the proper recipients, Austral asks for judgment against the McCulloch group for the return of the $87,652.59 paid to them prior to May 1, 1973.
The McCulloch group filed exceptions of improper cumulation of actions, prematurity, citation, jurisdiction and venue. The first exception was directed to the cumulation with the concursus proceeding of the demand for the return of amount previously paid. After argument, judgment was rendered sustaining the exception and dismissing the latter demand. From that judgment, Austral has appealed. Since the other exceptions were pretermitted by the trial judge, none of the questions presented thereby are before us.
Historically, concursus in Louisiana was generally applied only in the context of a stakeholder impleading claimants to a fund in his possession which was admittedly *379 due. See Act 123 of 1922; Sarpy, Concursus: Interpleader in Louisiana, Tul.L.Rev. 531 (1961). With the adoption of the Code of Civil Procedure, however, the proceeding was broadened so as to include within its scope common law interpleader and the equitable bill in the nature of interpleader.
Articles 4651 and 4652 of the Code of Civil Procedure provide:
"Art. 4651 A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."
"Art. 4652 Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.
"No claimant may be impleaded in a concursus proceeding whose claim has been prosecuted to judgment. No person claiming damages for wrongful death or for physical injuries may be impleaded in a concursus proceeding, except by a casualty insurer which admits liability for the full amount of the insurance coverage, and has deposited this sum into the registry of the court."
The Comment under Article 4652 states, in part:
"Under the first paragraph of the above article, the remedy is no longer limited to a stakeholder, or to an obligor who admits his indebtedness but does not know to whom a fund in his hands should be distributed. The remedy may now be used not only to prevent multiple liability, but to prevent multiple litigation, and thus may be used by a person against whom multiple claims are asserted, although liability on some or all of these claims is denied."
Viewed in the context of the foregoing provisions, it would appear that the demand made by Austral against the McCulloch group, rather than being improperly cumulated, is a necessary part of the action. The basic dispute is as to all disputed funds which have been paid out under the letter agreement, and not just those deposited with the court. The McCulloch group is the holder of those amounts paid out prior to May 1, 1973, and Austral is the holder of those accruing after that date. The Milliken & Farwell group claim all the disputed funds, as does the McCulloch group. If the Milliken & Farwell group prevails, it will be entitled to receive the entire fund. However, in that event, there is a question as to whether Austral can recover from the McCulloch group the amounts already paid.
We find no requirement in the Code that a concursus proceeding be initiated by a stakeholder. As we appreciate the above quoted articles, any party having an interest may invoke the concursus. There is no requirement that funds be deposited with the court, although they may be, in order to relieve a stakeholder of liability to the other parties for funds so deposited.
The effect of the pleadings in this case has been to bring before the court all persons having possession of or a purported interest in the disputed funds, and to have all claims among them relative thereto asserted. We hold this to be the purpose of the concursus proceeding as it now exists in our Code.
The judgment appealed from is therefore reversed, the dilatory exception of improper cumulation of actions is overruled, and the case remanded to the trial court for further proceedings. All costs of this appeal are to be paid by the McCulloch group.
Reversed and remanded.