325 So.2d 295 (1976)
Luther D. KNOX, Plaintiff-Appellant-Respondent,
v.
James H. BROWN et al., Defendants-Appellees-Relator.
No. 5391.
Court of Appeal of Louisiana, Third Circuit.
January 12, 1976.
Crawford A. Rose, Jr., Rayville, for plaintiff-appellant-respondent.
Dale, Richardson & Dale by Jerry B. Daye, Jr., Ferriday and Reeves, Lossin & Owens by H. James Lossin, Sr., Jonesville, for defendants-appellees-relator.
Before MILLER, DOMENGEAUX and GUIDRY, JJ.
*296 MILLER, Judge.
In this case defendant appellee James H. Brown, Jr., moves to dismiss the unlodged appeal of plaintiff appellant Luther D. Knox, contending Knox failed to timely move for and perfect the appeal under LSA-R.S. 18:420(E). The motion is unopposed and we dismiss the appeal.
Knox filed suit against Brown and other state officials seeking to declare the November 1, 1975 General Election a nullity insofar as it affected Brown's election to the office of Senator of Louisiana's Thirty-second Senatorial District. The other defendants did not file pleadings or appear. Senator Brown filed peremptory exceptions of no cause and no right of action which exceptions were tried December 2, 1975. On that date a formal judgment was read and signed sustaining the exceptions and dismissing Knox's suit at his costs.
Knox moved for and was granted a suspensive appeal on December 19, 1975 and the appeal was made returnable to this court March 1, 1976 conditioned on Knox filing an appeal bond of $750.00. A Deputy Clerk of the Seventh Judicial District Court certified Knox had not filed his appeal bond or paid costs due for this appeal as of December 22, 1975.
In election cases the party cast may appeal as in other cases, upon giving bond for a sum to be fixed by the court to cover all costs of court. However, the appeal shall be filed in the court of appeal within not more than five days from rendition of judgment. LSA-R.S. 18:420(E).
Judgment in this matter was read and signed December 2, 1975. Knox did not move for the appeal until December 19, 1975, and as of December 22, 1975, had not filed his bond. Knox has not complied with the provisions of LSA-R.S. 18:420, and his appeal is dismissed.
In his motion to dismiss Senator Brown seeks damages for frivolous appeal under LSA-C.C.P. art. 2164, and seeks attorney fees for having to defend the frivolous appeal. Since there is no appeal before us, art. 2164 does not apply. This court will not award damages for frivolous appeal on a motion to dismiss an unlodged appeal, there being no record before us from which the merits of the application could be considered. The claim for attorney fees is likewise without merit. Attorney fees are assessable only when provided for by law or contract. Neither basis is shown to exist.
Where appeals are not perfected because appellant fails to timely post his appeal bond, the district court is not divested of jurisdiction. LSA-C.C.P. art. 2088. The trial court therefore had full authority to dismiss the appeal.
Costs of this motion are taxed to plaintiff appellant Luther D. Knox.
Appeal dismissed.