398 So.2d 178 (1981)
Doyle SMITH, Husband of Mrs. Doyle Smith, Plaintiff-Appellee,
v.
Willie WHITE, Defendant-Appellant.
No. 8176.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*179 J. P. Mauffray, Jr., Jena, for defendant-appellant.
Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
GUIDRY, Judge.
Original plaintiffs, Mr. and Mrs. Doyle Smith, instituted this suit against defendant, Willie Allen White, seeking to recover the sum of $6,234.00 plus legal interest thereon from date of judicial demand, until paid, and attorney's fees of twenty-five per cent (25%) of the total amount due. Defendant filed dilatory and peremptory exceptions to plaintiffs' suit alleging that Mrs. Smith lacked procedural capacity and/or had no right or no cause of action. The trial court sustained defendant's exceptions on the basis that the alleged debt sued upon was owed to the community of acquets and gains existing between Mr. and Mrs. Smith and ordered Mrs. Smith dismissed from the suit. Subsequently, defendant answered plaintiffs' petition, and, in substance, averred that Mr. and Mrs. Smith fraudulently induced him to execute the promissory note at issue and but for their misleading representations, defendant would not have executed the subject note.[1] In addition to his answering plaintiff's petition, defendant filed a reconventional demand seeking cancellation of a gravel lease entered into by the parties urging that plaintiff, defendant-in-reconvention, failed to operate such lease as a reasonably prudent operator. Further, defendant, plaintiff-in-reconvention, contends that the Smiths entered upon land, not subject to the gravel lease, and destroyed his valuable fruit orchard resulting in damages of $25,000.00
The trial court rendered judgment on the principal demand in favor of the plaintiff, Doyle Smith, in the sum of $6,234.00 with legal interest from November 16, 1978 and twenty-five per cent (25%) attorney's fees. The trial court also rendered judgment in favor of reconvenor ordering cancellation of the gravel lease, however, refused to rule on defendant's reconventional demand insofar as it pertained to the destruction of his fruit orchard. From that judgment, defendant, plaintiff-in-reconvention, prosecutes this appeal. Plaintiff, defendant-in-reconvention, neither appealed nor filed an answer to the appeal.
The facts of the instant case are the subject of some dispute. The record discloses that on April 4, 1978, defendant, Willie Allen White, executed a promissory note in the sum of $6,234.00 to the order of LaSalle State Bank which note Mrs. Doyle Smith signed as an accommodation maker. Defendant White defaulted on the loan and thereafter Mrs. Smith, in her capacity as accommodation maker, paid the sum due *180 upon demand by the bank. Upon payment of the note the bank endorsed said note "without recourse" and delivered same to the Smiths.
Defendant White contends that he executed the note in order to secure the funds necessary to settle community property affairs between himself and his estranged spouse. White testified that the Smiths sought to obtain a gravel lease on his property which he could not grant until such time as the community existing between himself and his former spouse was settled. According to the defendant, Mrs. Smith signed the subject promissory note as an accommodation party to expedite defendant's community property settlement and thus, obtain the desired gravel lease. Allegedly, Mrs. Smith assured defendant that royalties resulting from the gravel lease would supply the funds to pay the note. The Smiths deny that such assurances were ever made and aver that Mrs. Smith signed the note simply to help a neighbor in need.
As previously noted, defendant in his reconventional demand contends that the Smiths breached their obligation to operate the gravel lease as reasonably prudent operators. Also, defendant avers that plaintiff destroyed a fruit orchard located on land adjacent to that upon which the subject lease was granted resulting in damages of $25,000.00. The majority of testimony received at trial pertained to these allegations, however, the trial court, although ordering the cancellation of the gravel lease, dismissed defendant's reconventional demand for damages as of non-suit, concluding that such demand should be addressed in a separate suit.
The following issues are presented on appeal:
(1) Did the trial court err in failing to rule on defendant's reconventional demand?
(2) Is plaintiff Smith entitled to sue to recover the sum paid in satisfaction of a promissory note executed by his wife as an accommodation maker, which note was paid with community funds?
(3) Was the award of attorney's fees in the instant suit proper?
(4) Did the trial court err in assessing all costs of these proceedings to the defendant?

THE RECONVENTIONAL DEMAND
Defendant contends that the trial court erred in dismissing his reconventional demand for damages.[2] We agree.
The defendant in his answer reconvened requesting that the gravel lease granted to the plaintiffs be cancelled and that he be awarded $25,000.00 in damages resulting from the destruction by plaintiffs of his fruit orchard located on land adjacent to the lands subject to the gravel lease. The trial court, in its judgment, ordered that the lease be cancelled (assigning no reasons for its decision), however, refused to rule on the remainder of defendant's demand stating that such demand should be resolved in a separate suit.
Louisiana Code of Civil Procedure Article 1061 provides as follows:
"The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands."
The purpose of this statute is to prevent a multiplicity of suits as well as to encourage the settlement of all disputes between the *181 parties. See Official Revision Comments following LSA-C.C.P. Article 1061; Cox v. Cashio, 96 So.2d 872 (La.App. 1st Cir. 1957).
We note that LSA-C.C.P. Article 1038 provides that the trial court may order the principal and incidental actions tried separately and still retain jurisdiction after the first action is adjudicated. However, in the instant suit, the trial court did not order a separate trial on defendant's reconventional demand as provided for in the Louisiana Code of Civil Procedure. Instead, the trial judge proceeded with the trial of both the principal and incidental actions and ultimately rendered judgment cancelling the gravel lease but dismissing plaintiff-in-reconvention's demand for damages as of non-suit.
Defendant properly cumulated his two actions in his reconventional demand, specifically, his action for cancellation of the gravel lease and his prayer for damages. Both actions were within the jurisdiction of the trial court, brought in the proper venue, and employed the same form of procedure. LSA-C.C.P. Article 462. Our court in McDonald v. Book, 215 So.2d 394 (La.App. 3rd Cir. 1968) noted that "Louisiana's traditional procedural policy has disfavored the piecemeal trial of cases except where permitted by statute." Thus, we conclude that it was error on the part of the trial court to order cancellation of the gravel lease yet refuse to render judgment on defendant's claim for damages.
After consideration of relevant statutory authority, we discern no reason why defendant's reconventional demand should not have been resolved in its entirety. To resolve all claims by the parties in one proceeding is both procedurally appropriate and in the interest of judicial efficiency. We note that in McDonald, supra, the court concluded that where an appeal is taken from a judgment which did not dispose of the entire case, merit-determination is not reviewed but the judgment is set aside and proceedings remanded for determination of all issues. For the above reasons, we determine that the judgment of the trial court partially dismissing the reconventional demand must be reversed and such demand, in its entirety, should be remanded to the trial court for decision.

IS PLAINTIFF, DOYLE SMITH, ENTITLED TO SUE TO RECOVER THE SUM PAID IN SATISFACTION OF THE PROMISSORY NOTE?
Defendant asserts that plaintiff, Doyle Smith, has no right of action to recover the sum paid in satisfaction of the promissory note executed by defendant. Defendant contends that the trial court dismissed Mrs. Smith from the instant suit after determining that she had no right of action, therefore, defendant alleges that plaintiff, Mrs. Smith's husband, as transferee of the note, possesses no right of action.
The record reflects that Mrs. Smith paid the sum due on defendant's promissory note with community funds. Subsequently, the LaSalle State Bank endorsed the subject note over to Mrs. Smith without recourse. The record discloses that defendant filed dilatory and peremptory exceptions of lack of procedural capacity and/or no right or no cause of action. The trial court sustained defendant's exceptions without assigning reasons. Under the circumstances of the instant case, we assume that the trial court concluded that Mrs. Smith lacked procedural capacity to sue upon a debt due the community existing between she and her husband. The fact that the promissory note at issue was paid with community funds was uncontested at trial. Louisiana C.C.P. Article 686, prior to its amendment effective January 1, 1980, provided in pertinent part:
"The husband is the proper plaintiff, during the existence of the marital community, to sue to enforce a right of the community..."
Thus, the trial court correctly dismissed Mrs. Smith from the instant case and permitted Mr. Smith, in his capacity as head and master of the community, to prosecute the suit on behalf of the community.
*182 The right of the Smith community to sue to recover the amount paid in satisfaction of defendant's debt emanates from Mrs. Smith's status as an accommodation maker. La.R.S. 10:3-415 provides in pertinent part:
"(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."
The comments which follow Uniform Commercial Code Article 3-601, the source for La.R.S. 10:3-601, states:
"Under Section 3-415 (La.R.S. 10:3-415) on accommodation parties, an accommodation maker or acceptor, although he is primarily liable on the instrument in the sense that he is obligated to pay it without recourse upon another, has himself a right of recourse against the accommodated payee; and his reacquisition or discharge leaves the accommodation party liable to him."
Therefore, it is clear that when Mrs. Smith, pursuant to her status as an accommodation maker, paid the note with community funds, the Smith community, under the cited authority, acquired a "right of recourse on the instrument" against the principal maker. As previously stated, Louisiana law at the time of suit provided that the husband was the proper party plaintiff to enforce debts owed to the community existing between he and his wife. The fact that the defendant's debt was paid by the Smiths with community funds is uncontested. Thus, we discern no error on the part of the trial court in its judgment in favor of plaintiff and against defendant in the amount of $6,234.00.

ATTORNEY'S FEES
Appellant contends that the trial court erred in awarding attorney's fees to the plaintiff.
It is well settled that attorney's fees are assessable only when provided for by law or contract. Knox v. Brown, 325 So.2d 295 (La.App. 3rd Cir. 1976). Mrs. Smith signed the promissory note at issue as an accommodation maker. An examination of the note reveals no provision stipulating that the accommodation maker may collect attorney's fees in connection with payment of the note. In McCardle v. Nagim, 61 So.2d 267 (La.App. Orleans 1952) the court determined that an action by an accommodation maker on a note against the maker is based upon an implied contract of reimbursement, therefore, the accommodation party is not entitled to recover attorney's fees as if the action had been on the note. See also 24 Loyola Law Review 271. In addition, Louisiana jurisprudence has recognized that an accommodation party has the right only to collect that amount which has been paid. See Gleason v. Barrilleaux, 292 So.2d 804 (La.App. 1st Cir. 1974); Cook v. Crow, 194 So. 455 (La.App.2d Cir. 1939). Thus, we conclude that under the instant facts plaintiff Smith is not entitled to an award of attorney's fees, but rather should receive only that amount paid in satisfaction of defendant's debt with legal interest from November 16, 1978 until the note is paid.

COSTS
Finally, defendant contends that the trial court erred in taxing to him the cost of proceedings pertaining to defendant's exceptions which resulted in the judgment dismissing Mrs. Smith as a party plaintiff. Defendant avers that the trial court specifically provided in its judgment on defendant's exceptions that all costs relating to that portion of the proceedings should be taxed to plaintiff. A review of the record reveals that the trial judge in his signed judgment sustaining defendant's dilatory and peremptory exceptions ordered that the costs of those proceedings be assessed to the plaintiff. However, the final judgment relating to the trial on the merits of the instant case decrees that all costs of the proceedings be assessed against the defendant. We are cognizant of the inconsistency of the two judgments, however, we conclude that the provisions of the final judgment must supercede the provisions of the judgment pertaining only to the exceptions. It is well settled that the trial court *183 has great discretion in assessing costs and the reviewing court will not interfere absent a showing of abuse. Town of Kinder v. Beauregard Electric Co-op, Inc., 339 So.2d 891 (La.App. 3rd Cir. 1976); Bernstine v. City of Natchitoches, 335 So.2d 51 (La.App. 3rd Cir. 1976); LSA-C.C.P. Article 1920. We find no error on the part of the trial court in its assessment of costs against the defendant in the instant suit.
For the reasons assigned the judgment of the trial court dismissing defendant's reconventional demand for damages, as of non-suit, is reversed and it is now ordered, adjudged and decreed that defendant's reconventional demand, in its entirety, is remanded to the trial court for further proceedings consistent with the views herein expressed. Further, that portion of the trial court judgment awarding to plaintiff twenty-five per cent (25%) attorney's fees is reversed and set aside and plaintiff's demands for attorney's fees are dismissed with prejudice. In all other respects the judgment appealed from is affirmed. Defendant Willie Allen White, is cast for all costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART; AND, IN PART REMANDED.
NOTES
[1] The trial judge in his written reasons for judgment specifically found that the evidence did not support defendant's claim of fraud, duress or error. Appellant does not contest this holding on appeal.
[2] In connection with his reconventional demand for damages, defendant White contended, at the trial level, that the amount awardable to him on his reconventional demand for damages could be pleaded in extinguishment of his obligation to plaintiff on the note sued upon. The trial court decided otherwise holding, in effect, that the defense of compensation was inapplicable because plaintiff's claim and defendant-in-reconvention's claim for damages were not equally liquidated and demandable debts as required by LSA-C.C. Article 2209. We do not address this issue since no judgment has yet been rendered on White's reconventional demand for damages.