STOKER, Judge.
The sole issue on this appeal is whether the maker of a note secured by a mortgage must pay stipulated attorney’s fees incurred in collection of the note. The trial judge held that the plaintiff in this case was not entitled to the stipulated attorney’s fees on the ground that, he was an accommodation party. We reverse.
On April 14, 1978, Oston Landry and Whitney Simon sold a piece of property to Metroplex Investments, Inc. which executed a promissory note in favor of Landry and Simon for $600,000 payable in annual installments of $120,000 and paraphed for identification with an act of sale and mortgage. Fred Jamison, plaintiff in this suit, was one of six accommodation parties who endorsed the note. Upon the failure of Metroplex to make the payment due on April 14,1982, Jamison paid the balance due on the note, and it was assigned to him by an act in authentic form dated April 25, 1982.
Jamison brought this executory proceeding seeking seizure and sale of the mortgaged property to satisfy the unpaid balance of the note amounting to $240,000 plus interest and 10% attorney’s fees. Defendant, Metroplex, deposited with the sheriff an amount sufficient to pay the principal, interest, and attorney’s fees sued for, obtained a temporary restraining order to halt the sale of the property by the sheriff, and then sought a hearing only on the issue of attorney’s fees. Following the hearing the trial court held that plaintiff, as an accommodation party, was not entitled to the attorney’s fees. Plaintiff filed this devolu-tive appeal.
The trial court’s judgment was based primarily on a recent case holding that an accommodation party is not entitled to collect attorney’s fees such as would have been due if the action had been on the note. Smith v. White, 398 So.2d 178 (La.App. 3rd Cir.1981). Although counsel for plaintiff argues that the holding in Smith is incorrect and should be reversed, we do not deem it necessary to reach this result.
The primary basis of the holding in Smith, supra, and McCardle v. Nagim, 61 So.2d 267 (Orl.La.App.1952), a case on which Smith is based, is that the action to collect by the accommodation maker is not an action on the note. Rather it is an action on the implied contract for reimbursement. Thus, the contractual provision for attorney’s fees in the note is not applicable.
In the case at bar, it is clear that Jamison is suing not for reimbursement in his capacity as accommodation maker, but as assignee. His suit for executory process is clearly an action on the note, and as assignee, he is entitled to the same rights as the assignor. Ford Motor Credit Company v. Soileau, 357 So.2d 563 (La.App. 3rd Cir.1978).
In regard to attorney’s fees, the note provides as follows:
*759 In case this note should be placed in the hands of an attorney, after its maturity, to institute legal proceedings to recover the amount thereof, or any part hereof, in principal or interest, or to protect the interest of the holder hereof, or in case the same should be placed in the hands of an attorney for collection, compromise or other action, the makers(s) and endorsers^) bind(s) itself to pay the fees of the attorney who may be employed for the purpose, which fees are hereby fixed at ten (10)% on the amount due or sued for, or claimed or sought to be protected, preserved or enforced, or $50.00 whichever shall be greater.”
Through this provision the maker obligated himself to pay stipulated attorney’s fees to any holder of the note in the event legal proceedings became necessary.
For the foregoing reasons the judgment of the trial court denying attorney’s fees is reversed and judgment is rendered in favor of plaintiff, Fred L. Jamison, and against defendant, Metroplex Investments, Inc., for attorney’s fees of 10% based on the principal and interest due on the note. The costs of this appeal are assessed to defendant-ap-pellee.
REVERSED AND RENDERED.