561 So.2d 816 (1990)
SMITHERMAN, LUNN, CHASTAIN & HILL, Plaintiff-Appellee,
v.
Mitchell J. KILLINGSWORTH, Defendant-Appellee, and
Federal Deposit Insurance Corporation, Defendant-Appellant.
No. 21478-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
*817 Mills, Timmons & Flowers by George H. Mills, Jr., Shreveport, for defendant-appellant.
Smitherman, Lunn, Chastain & Hill by W. James Hill, III, Shreveport, for plaintiff-appellee.
Joey W. Hendrix, Shreveport, for defendant-appellee Mitchell Killingsworth.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
MARVIN, Judge.
In this concursus brought to determine the ownership of $10,000 placed in escrow by Killingsworth as a damage deposit on a house that Killingsworth had occupied by agreement with a bank, the bank's successor in title, FDIC, appeals, not to contest the judgment that decreed that Killingsworth owned the escrow fund, but to seek a ruling on FDIC's cross-claim against Killingsworth for past due rent ($12,000) and attorney fees allegedly owed under a month-to-month lease that was signed after FDIC acquired the house.
While affirming the judgment appealed, we agree that the trial court should have ruled on the cross-claim. We remand with instructions. CCP Arts. 1031 and 1071. Smith v. White, 398 So.2d 178 (La.App. 3d Cir.1981).

FACTS
Killingsworth occupied the house for six months without payment of rent after FDIC acquired it. FDIC's claim to the escrow fund was founded on the contention that Killingsworth had agreed with FDIC that the escrow fund would secure the $2,000 monthly rent he owed to FDIC under the written lease. The trial court rejected this contention. This portion of the judgment is not challenged in FDIC's appeal.

PROCEDURAL POSTURE
With its answer to the concursus petition, FDIC brought its cross-claim against Killingsworth for unpaid rent and attorney fees. The concursus action and the cross-claim were tried together, without objection. The trial court nevertheless reasoned that "it was not necessary for the validity of the lease to be resolved in order for the concursus to be adjudicated" and decreed in the judgment "that this Court makes no ruling on the merits [of] the cross-claim ... and that no issue of res judicata should flow from this judgment as to FDIC's claims for any unpaid rent which may be due by Killingsworth under any valid lease which may have existed between the parties."
FDIC did not dispute that Killingsworth left the property in good condition. FDIC witnesses admitted that Killingsworth's "agreement" that the escrow fund would secure the rent was not in writing.
Killingsworth admitted signing the written lease which served as the basis of FDIC's cross-claim, but testified that an *818 FDIC employee told him the lease was not "binding" until he signed and delivered two letters instructing the escrow agent to transfer the escrow fund to FDIC and authorizing FDIC to use the fund for rental payments. Killingsworth had the letters prepared but neither signed nor delivered them because, he said, the $2,000 monthly rental in the written lease with FDIC was "too high."
FDIC's claim to the escrow fund and its cross-claim against Killingsworth arise out of his occupancy of the house and are factually related even though they are legally distinct demands.
Killingsworth waived the dilatory exception of improper cumulation of actions by answering the cross-claim without filing the exception. CCP Art. 926; Moorhead v. State, Department of Highways, 322 So.2d 330 (La.App. 2d Cir.1975). See and compare Austral Oil Company, Inc. v. Milliken & Farwell, Inc., 307 So.2d 377 (La.App. 1st Cir.1974), writ denied, and Amoco Production Co. v. Carruth, 457 So.2d 797 (La.App. 1st Cir.1984).
The trial court did not order separate trials of the actions, as it could have on its own motion under CCP Art. 465, but instead heard evidence from both parties on the lease agreement, from Killingsworth's expert on the fair rental value of the property, and from FDIC's attorney on the claim for attorney fees under the lease. The record is complete in this respect.
The court's finding that Killingsworth did not agree that the escrow fund could be used to pay rent resolves the concursus action but does not resolve the cross-claim, which has been tried, but not decided, on the merits.
A cross-claim, like an intervention, is an incidental demand which can be asserted against a co-defendant where the demand arises out of the subject matter or relates to the property that is the subject matter of the original action. CCP Arts. 1031 and 1071. These demands serve the "interest of judicial economy and convenience..." Art. 1071 Comment.
Where such a demand is properly instituted and cumulated in response to the principal demand, the trial court should "resolve all claims by the parties in one proceeding ... in the interest of judicial efficiency." Smith v. White, supra. Compare Sylvester v. Qualls, 520 So.2d 1030 (La.App. 3d Cir.1987).
We remand to allow the trial court to rule on the cross-claim on the record that was made in the trial court.

OTHER CONTENTIONS
FDIC also contends the trial court erred in allowing Killingsworth to file answers to FDIC's request for admissions during trial, more than 15 days after the request was filed on December 7, 1988. The trial was held on December 14, 1988 and January 25, 1989. The answers were filed, over FDIC's objection, on the latter date. When the trial began on December 14, the 15-day period for answering the request under CCP Art. 1467 had not passed, and Killingsworth was called on cross-examination by FDIC. The answers to the request for admissions that he filed when the trial resumed were consistent with his earlier testimony.
Under these circumstances, we find no abuse of the trial court's discretion in allowing the late filing, which has not been shown to have prejudiced FDIC. CCP Art. 1468. See and compare Hoskins v. Caplis, 431 So.2d 846 (La.App. 2d Cir.1983) and Jones v. Gillen, 504 So.2d 575 (La.App. 5th Cir.1987), writ denied.

DECREE
We assess the cost of the appeal to Killingsworth. Under the circumstances of this record we affirm the judgment appealed, but remand with instructions to the trial court to render judgment on the merits of FDIC's cross-claim.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.