^CARTER, Judge.
This appeal arises out of the dismissal of a dilatory exception raising the objection of improper cumulation of actions.
BACKGROUND
On April 20, 1994, Sonya Bolton (Mrs. Bolton) filed a petition for divorce from her husband, Willard H. Bolton Jr. (Mr. Bolton). In a verified petition, Mrs. Bolton alleged there were two children born during her marriage to Mr. Bolton, and she requested that the trial court determine the amount of *1131 child support for these children in accordance with the child support guidelines.
On May 16, 1994, Mr. Bolton filed an exception to the divorce petition, which claimed it failed to state a right or cause of action and failed to set forth the necessary element for relief requested. This exception was never assigned for argument. On July 15, 1994, Mr. Bolton answered the petition for divorce, denying paternity for the second child born during the marriage, Haleigh Bolton. He also filed a reconventional demand wherein he sought to disavow paternity of Haleigh Bolton. In his reconventional demand, he requested the trial court appoint a curator ad hoc to represent the minor’s interests in the disavowal action.
On September 27, 1994, the trial court signed a Supplemental Order appointing an attorney as curator ad hoe for Haleigh Bolton. The curator ad hoc filed a dilatory exception on October 21, 1994, raising the objection of improper cumulation of a disavowal action and a divorce proceeding.
The trial court minutes reflect that on October 10, 1994, Mr. and Mrs. Bolton entered into a stipulation regarding joint custody and monthly child support payments of $450.00 for “a minor child”. The minor child involved was not named; however, since no disposition was made at that time on the disavowal action, presumably the stipulation related to the minor whose paternity was not in dispute. The record does not reflect a resolution of the issue of child support for the second child of the marriage.
On December 2, 1994, Mrs. Bolton filed a Rule to Show Cause why the divorce should not be granted based on living six months separate and apart from the filing of the original petition for divorce. On March 13, 1995, Mr. Bolton filed a Rule to Show 13Cause regarding whether the trial court would order him, Mrs. Bolton, and Haleigh Bolton to submit to a blood test for a determination of paternity. On April 10, 1995, the trial court held a hearing wherein it considered the objection of improper cumulation, the divorce rule and the rule for the blood test. The trial court dismissed the exception raising the objection of improper cumulation, granted the divorce, and granted the disavowal action.
On August 11, 1995, the curator ad hoe filed a petition and order for appeal with the trial court. In the appeal, the appellant raises the following specification of error:
1. The trial court was in error when it dismissed the “Exception of Improper Cumulation of Actions.”
The appellant asserts a disavowal action is not an incidental matter to a divorce; a disavowal action cannot be raised in recon-vention; nor can a minor be made a party to an original divorce proceeding.
INCIDENTAL MATTERS TO A DIVORCE
LSA-C.C. article 105 provides as follows:
In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; in-junctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property-
The record reflects that the verified petition for divorce filed by Mrs. Bolton alleged there were two children born during the marriage and specifically requested the trial court to determine the amount of child support due for the minor children in accordance with the guidelines. Child support is specifically enumerated as an incidental matter of divorce under article 105.
LSA-C.C. art. 184 provides, “[t]he husband of the mother is presumed to be the father of all children born or conceived during the marriage.” The issue of the amount of child support owed by Mr. Bolton directly related to the issue of whether Haleigh Bolton was his daughter. In order to contest the presumption of paternity of children born during the marriage, the husband must file a disavowal action. LSA-C.C. arts. 187 and 189. •
RECONVENTIONAL DEMAND
LSA-C.C.P. art. 1061(B) provides as follows:
*1132 |4The defendant in the principal action, except in an action for divorce under Civil Code article 102 or 103, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
The comments to article 1061 explain that a defendant in a divorce action is not required to raise the actions commonly associated with divorce actions such as spousal support and child support in his reconventional demand, if one is filed. There is no prohibition against a defendant in a divorce action from raising a reconventional demand which relates to an incidental matter of divorce.
The object of authorizing matters in recon-vention is to enable parties litigant, at the election of the defendant, to adjust their conflicting claims in one action, thereby avoiding multiplicity of suits. Cox v. Cashio, 96 So.2d 872, 876 (La.App. 1st Cir.1957). To resolve all claims by parties in one proceeding is both proeedurally appropriate and in the interest of judicial efficiency. Smitherman, Lunn, Chastain & Hill v. Killings-worth, 561 So.2d 816, 818 (La.App. 2nd Cir.1990); Smith v. White, 398 So.2d 178, 181 (La.App. 3rd Cir.1981).
In Phillips v. Phillips, 467 So.2d 132 (La. App. 3rd Cir.1985), a husband brought an action to disavow paternity for twins born to his wife during their marriage. The Phillips court held the husband had failed to timely file his action for disavowal, which he had decided to postpone until after the children were born and their hospital bills were paid. His attorney and his wife had assured the husband that the declaration in the divorce petition was sufficient to disavow paternity. After discovering the matter was not settled, he filed an action to disavow paternity. In finding the husband’s disavowal action was not timely instituted, the court indicated the husband’s options following the birth of the children were to either file an action for disavowal or answer his wife’s petition for divorce and assert his action for disavowal in reconvention. Phillips v. Phillips, 467 So.2d at 135.
LSA-C.C.P. art. 1064 provides, “[pjersons other than those made parties to the original action may be made parties to the reconventional demand.” Appellant claims a minor child cannot be made a party to divorce proceedings in order to have a disavowal action, in support of this contention, appellant cites BNO Leasing Corp. v. Mooty, 427 5So.2d 631 (La.App. 5th Cir.1983) for the proposition that reconventional demands are generally brought against a plaintiff only, and parties other than those to the principal action can be joined as defendants in reconvention only when they are indispensable parties. However, the Louisiana Supreme Court reversed this decision in BNO Leasing v. Mooty, 433 So.2d 178 (La.1983) and remanded the case to the district court for further proceedings because complete relief could be granted and the parties were before the court.
 An action to disavow a child is a proceeding against the child. Hall v. Hall, 404 So.2d 1328, 1330 (La.App. 2nd Cir.1981). In any action to disavow paternity, the judge is required to appoint an attorney to represent the child whose status is at issue. LSA-C.C.P. art. 5091.1 This procedure was followed in this matter. The official revision comments of LSA-C.C.P. art. 1064 note that, reconventional demand was broadened so as to permit the defendant to assert whatever action he may have against the plaintiff, even though this reconventional demand may require the presence of third persons indispensable to the action. The use of the term “indispensable” does not mean the third party is considered indispensable to the original action, but is indispensable to the reconvention. Therefore, in the present ease, the disavowal action could not proceed without the child being made a party.
CONCLUSION
For the above reasons, the trial court judgment dismissing the exception of improper cumulation of actions filed by the curator ad hoc is affirmed, and all costs are assessed against the appellant.
AFFIRMED.