# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1337

DELANO PLANTATION, ET AL.

VERSUS

JUNE AMY LOWREY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 90-C-0377-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Stan Gauthier, II**
**Stan Gauthier, II A Law Corporation**
**1405 West Pinhook Road, Suite 105**
**Lafayette, La 70503**
**(337) 234-0099**
**Counsel for Plaintiff/Appellant:**
    **Alice Ann Lowrey Robinson**

**Leslie J. Schiff**
**Schiff Law Corporation**
**P. O. Box 10**
**Opelousas, LA 70571-0010**
**(337) 942-9771**
**Counsel for Plaintiff/Appellant:**
    **Alice Ann Lowrey Robinson**

**Douglas C. Longman, Jr.**
**Perret Doise**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Appellee:**
**Charles A. Going, CPA**

**G. Frederick Seemann**
**Attorney at Law**
**401 Audubon Boulevard, Suite 103A**
**Lafayette, LA 70503**
**(337) 234-3766**
**Counsel for Secondary Defendants/Appellants:**
**Brandon Lowrey**
**Lainnie Lowrey**
**Alice Lowrey**
**June Amy Lowrey**

**Otis Eugene Lomenick, Jr.**
**Attorney at Law**
**213 North Main Street**
**Opelousas, LA 70570**
**(337) 942-4747**
**Counsel for Secondary Defendant/Appellant:**
**June Amy Lowrey**

**DECUIR, Judge.**

On appeal before us is an ongoing dispute among the shareholders of Delano Plantation, Inc. A permanent receiver was appointed in 1998 to take control of Delano's property and affairs, and the Receiver filed a rule to show cause in 2003 asking the court to adopt his proposed financial statement (referred to in this litigation as a "restatement") of the corporation's financial condition. The trial court revised the Receiver's proposed restatement and thereafter adopted it as the judgment of the court. Both the minority shareholder, Plaintiff Anne Robinson, and the opposing majority shareholders, the Lowrey Defendants, have appealed the trial court's judgment. The Receiver, Charles Going, advocates affirming the judgment. After due consideration of the evidence, we affirm the judgment rendered below.

## BACKGROUND

Delano Plantation encompasses a 1700 acre tract of low lying farmland and timberland located in the West Atchafalaya Floodway in St. Landry Parish. The land, site improvements, and timber had an appraised value of slightly over $1.6 million in 2004.

The plantation was incorporated in 1960 by Bessie Nicholson Clopton who is now deceased. At the time of trial, shares in the corporation were owned by siblings Brandon, Lainnie, and Alice Lowrey, their mother, June Amy Lowrey, and their aunt, Anne Lowrey Robinson. In 1990, Plaintiff, Anne Robinson, and her mother, Clementine Lowrey, also now deceased, filed a derivative action against June and her children, alleging mismanagement of the corporation by its officers. The allegations included the personal use of corporate assets, excessive officers' salaries, unrecorded shareholder loans, and inefficient spending on farming operations.

Six years later, the Plaintiff filed a supplemental petition seeking the appointment of a receiver to handle the affairs of the corporation pursuant to La.R.S.

12:151. The trial court granted the request and appointed Charles Going temporary receiver in 1996. He was appointed permanent receiver in 1999 after the trial court found waste and misuse of corporate assets. The appointment was affirmed by this court in the opinion entitled *In re: Delano Plantation, Inc. v. Lowrey,* 99-1752 (La.App. 3 Cir. 6/7/00), 770 So.2d 798, *writ denied,* 00-2564 (La. 11/13/00), 774 So.2d 149, which contains a review of the procedural background and facts pertinent to the matters now before us.

At the time of trial, Brandon Lowrey was primarily responsible for the Delano land, overseeing the tenant farmers and maintaining the property, as he has done since his father's death in 1979 when Brandon was seventeen years old. During the course of this litigation, however, the Receiver has handled all business affairs of the corporation, from paying bills to negotiating leases. Testimony from the Receiver shows that he has been in constant contact with the shareholders. He was given access to numerous records, primarily from the 1980s, which detailed the operations of the plantation under the leadership of June Lowrey. The Receiver's opinion was that, due to acrimony among the shareholders, it will be necessary to liquidate the corporation and divide the assets. Accordingly, pursuant to the powers vested in him by virtue of La.R.S. 12:152, the Receiver prepared a draft restatement of Delano's financial statement which suggested a valuation of the corporation had it not been mismanaged during the 1980s by the Lowrey Defendants.

The Receiver's proposal was submitted to the attorneys for the shareholders in early 2002. After considering commentary from the parties, the Receiver revised his proposal. In November of 2003, the Receiver moved the trial court to adopt his proposal as the financial statement of Delano, and the matter was eventually set for trial in August of 2004. The Lowrey Defendants filed numerous exceptions, all of

2

which were denied by the trial court.  After two days of testimony, the trial court instructed the Receiver to make certain revisions to his evaluation, and the restatement was then adopted as the judgment of the court.  The trial court stated in part:

## THE RECEIVER'S EVALUATION AND RESTATEMENT

The Court has mixed emotions with regards to the proposal submitted by the Receiver.  In this connection, the Court agrees that there was obviously a significant amount of mismanagement by the defendants, and the Court, in effect, agrees in concept with the Receiver's methodology of restating the financial statements of the corporation.  Additionally, the Court concurs in the Receiver's ability to rely upon the evidence submitted which has as its basis statistics from LSU.  On the other hand, the Court also believes, at least in part, the testimony of Brandon Lowrey which was basically uncontradicted and which alluded to the unique problems with this farm regarding such things as drainage, weed infestation, et cetera.  Unfortunately for the defendants, even taking that testimony into consideration, the Court is still convinced that the defendants must be held accountable for their actions.  That having been said, the Court is going to adopt the Amended Restatement Proposal as attached to the Receiver's Post Trial Memorandum, a copy of which is attached hereto and made a part hereof, subject to the hereinafter "refinements."

## REFINEMENTS

The restatement of the Receiver shall be adjusted to reduce by forty (40%) percent the variances as set forth therein.  In this connection, the Court notes that the "summary" reflects a variance of $1,713,887.49 [in excess farming expenses].  Thus, same shall be adjusted by reducing that amount by forty (40%) percent.  Secondly, the calculations of the Receiver shall be made in such a way as to ensure that the expenses of the corporation in connection with the entirety of this litigation and the receivership in whole are calculated so as not to reduce the value of the plaintiff's interest in the corporation.  In this connection, the Court is of the opinion that the plaintiff should not be required to bear any costs incurred in "righting the wrong."  Finally, the Court specifically concludes that it is appropriate for the Receiver to adjust his calculations pursuant to these directions charging the defendants with the interest on the shareholder loans as recommended.  It is also appropriate for the Receiver to give the defendants reasonable credit for the taxes that the corporation did not have to pay based on the appropriate calculations as required by this decision.

Thereafter, the Receiver submitted a revised restatement to the court in accordance with the instructions set forth in the reasons for judgment. The trial court then rendered judgment in favor of the Receiver, incorporating his revised restatement into a judgment.

The judgment included the following amounts which must be added to the present value of the corporation: $1,028,332.00 in excess farming expenses, $272,015.00 in excess officers' salaries, $16,984.00 in legal fees unrelated to the corporation, a $136,848.00 judgment paid to Anne Robinson with interest of $13,146.00, and shareholders' loans totaling $78,603.00 with interest of $88,642.00. Additionally, the value of the corporation must reflect a "tax effect" of $627,225.00, to be subtracted from the stated assets. Although not before us in this litigation, it was acknowledged at trial that these amounts will be added to the corporation's stated value for the advantage of the Plaintiff. They will either be charged against the capital accounts of the Defendants proportionate to their ownership interests or will be paid proportionately by the Defendants to the Plaintiff outside of any future liquidation proceeding that may take place. Finally, the trial court specified that under no circumstances will the Plaintiff bear any costs of these proceedings.

In this appeal, the Plaintiff, Anne Robinson, contends the trial court erred in making a forty percent revision in the restatement originally filed by the Receiver. She alleges error in the trial court's decisions to include an income tax deduction in the final valuation and to exclude life insurance premiums as an improper expense. She also argues the trial court erred in determining that all pre-1980 claims have prescribed. The Lowrey Defendants have alleged error in the overruling of their exceptions and in the conclusion that the Receiver met his burden of proof. The Receiver contends the trial court's judgment should be affirmed.

4

**EXCEPTIONS**

The Lowrey Defendants contend the Receiver's proposed restatement is vague as it did not give sufficient information for them to present an appropriate defense. They also contend the restatement was improperly presented to the trial court as a rule to show cause, a summary proceeding, rather than as a petition, which would have necessitated an ordinary proceeding. The Defendants next argue the proposed restatement does not state a cause of action because it does not allege wrongdoing on the part of the shareholders or any other basis for a reorganization of the corporation. Finally, the Defendants urge this court to reverse the trial court's ruling on prescription. The Defendants argue the claims for misuse of corporate funds are governed by a two-year prescriptive period which would have tolled in the 1980s. Other claims which may be governed by a ten-year prescriptive period, they argue, do not relate back to the filing of the derivative action in 1990 and were therefore untimely filed by the Receiver in 2002.

We find no error in the trial court's ruling on the Defendants' exception of vagueness. The restatement proposed by the Receiver was fully detailed and focused on issues previously litigated in the proceeding to appoint the permanent receiver. The proposal was circulated to all parties two years before trial, and the Defendants were given the opportunity to comment and advise on the proposal prior to its submission to the court. The exception was properly overruled.

A summary proceeding is described in the Code of Civil Procedure as one "conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.Code Civ.P. art 2591. While this proceeding may have been initiated by the filing of a rule

to show cause, the proceedings themselves have been conducted as ordinary proceedings, with sufficient time afforded all parties to gather and review evidence, conduct discovery, and mount defenses. The record reveals that both pretrial and trial procedures were conducted with all the formalities of an ordinary proceeding. Further, even if we were to conclude that this matter has been conducted as a summary proceeding, La.Code Civ.P. art. 2592(5) specifically allows for the homologation of a report submitted by a court-appointed accountant to be by summary proceeding. Accordingly, we find no error in the trial court's ruling on the exception of unauthorized use of summary procedure.

The Lowrey Defendants also urged an exception of no cause of action and claimed a denial of due process. Essentially, they contend the Receiver has exceeded his authority by proposing, on his own motion, a restatement of the value of Delano Plantation. They argue that the Receiver's motion, if granted, has the effect of altering the ownership interests of the corporation without any allegations of wrongdoing and without setting forth any facts to support the Receiver's claims. We find this argument belies the fact that the Defendants' wrongdoing has previously been adjudicated. *See In re: Delano Plantation, Inc.,* 770 So.2d 798. Further, it ignores the broad powers vested in a receiver by the provisions of La.R.S. 12:152. Finally, as the facts have been fully developed throughout this litigation, the Defendants have been afforded ample opportunity to defend themselves. The trial court found the Receiver's rule "clearly" stated a cause of action, and we find no error in this conclusion.

Both sides to this controversy have raised the exception of prescription. The trial court determined the claims raised herein are governed by the ten-year statute of limitations governing personal actions. La.Civ.Code art. 3499. The court further

found that prescription was interrupted by the filing of the original derivative action on January 31, 1990. La.Code Civ.P. art. 1153. Therefore, any claims for mismanagement arising before January 31, 1980 which may have affected the present value of the corporation have prescribed. We find no error in this conclusion. The Plaintiff, as a minority shareholder, could have brought her claims for mismanagement earlier, and we find the doctrine of *contra non valentem* does not apply in this case. In response to the arguments raised by the Defendants, we find the petition which was filed in 1990 gave the Defendants fair notice of the facts out of which the subsequent receivership proceedings arose. The same parties are before the court, with the Receiver standing in the shoes of the corporation. The matter before us is merely an interim proceeding, the Receiver's request for confirmation of, or the homologation of, an accounting in the form of a financial statement. Therefore, both the pleadings seeking the appointment of a receiver, as well as the subsequent pleadings filed by the Receiver seeking to restate the value of the corporation, relate back to the original petition filed by the Plaintiff in 1990. The trial court's ruling on prescription is affirmed.

**MERITS**

The trial court issued written reasons for judgment wherein he determined the Receiver's proposal was essentially correct but required certain revisions which served to decrease the value of the corporation from $3,508,008.00 as proposed to $3,093,618.00. The shareholders disagree with both the original proposal of the Receiver and the trial court's revised valuation.

The factual conclusions of the trial court are subject to the manifest error standard of review. A trial court's findings of fact may not be reversed absent manifest error or unless they are clearly wrong. *Stobart v. State, through Dept. of*

7

*Transp. and Dev.,* 617 So.2d 880 (La.1993). Evaluations of credibility and reasonable inferences of fact will not be disturbed on review. *In re: Delano, Id.* Rather, the appellate court must review the entire record to determine whether the trial court's conclusion was a reasonable one. *Stobart,* 617 So.2d 880. If the trial court's findings are "reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 882-83, quoting *Housley v. Cerise,* 579 So.2d 973, 976 (La.1991).

In his testimony, the Receiver stated that ill will among the parties has convinced him that Delano Plantation should be liquidated. Before the assets can be divided among the shareholders, and considering that final judgment has been rendered against the Defendants on the question of mismanagement, the Receiver needed to determine the current value of the corporation if it had been properly managed. This required the Receiver to determine the value of assets and deduct excess expenses and improper charges. The record indicates the Receiver made his evaluation based on a review of corporate records, discussions with the parties, his experience in managing Delano as Receiver since 1996, the advice of consultants, experts, and appraisers, and a review of statistics published by LSU regarding average farming costs in Louisiana.

The first issue raised by the Plaintiff in this appeal concerns the excess farming expenses incurred by Delano from 1980 through 1987 when the Defendants were farming the property themselves. According to the annual financial statements prepared for Delano, the Defendants recorded approximately $3,074,000.00 in farming expenses between 1979 and 1987. Conversely, the statistical analysis compiled by LSU shows that, on average, a similarly located farm growing the same

8

crops during the same years would have incurred expenses of $1,300,000.00. The Receiver recommended categorizing $1,754,000.00 as "disallowed" expenses and adding that figure to the present value of Delano. Based primarily on the testimony of Brandon Lowrey, who actually farmed the land during the period at issue, the trial court determined the property had unique problems requiring above average expenses. Consequently, he reduced the amount of disallowed expenses by forty percent. The Plaintiff complains of the forty percent reduction, while the Defendants contend the LSU statistical analysis was not competent evidence.

We have reviewed the evidence in detail and find no error in the trial court's conclusion. The testimony from Brandon reveals ongoing problems with the farm, from weed and insect control, to an oil well blowout which required years of cleanup, to limestone roads which to this day cause frequent tire blowouts. The Defendants themselves were inexperienced, Brandon being only eighteen years old when he undertook this farming endeavor, and they inherited a farm which all parties agreed was in poor physical and financial shape in 1980. Our review of the evidence reveals no manifest error in the conclusion reached by the trial court regarding the excess expenses incurred by the Defendants.

The second issue raised by the Plaintiff is the trial court's decision to allow a "tax effect" reduction in the value of Delano. In calculating his restatement, the Receiver attempted to restate taxable income as it would have been reported to the IRS but for the Defendants' mismanagement. The Receiver subtracted the income tax Delano would have paid on the restated taxable income had it been properly managed and had it not reported and deducted such a large amount of farming expenses. The trial court found this calculation reasonable because the corporation would have paid substantially more in federal and state corporate income taxes. We, likewise, find the

9

addition of a "tax effect" reasonable, as the payment of income taxes is a valid consideration in the valuation of a corporation.

The third argument raised by the Plaintiff in this appeal refers to life insurance premiums paid by the corporation. From 1981 through 1983, Delano paid $99,000.00 in life insurance premiums on behalf of the Defendants. The corporation was not the beneficiary on any of the policies, but the siblings were the beneficiaries on each other's policies. In her testimony, June Lowrey explained that the policies were recommended to them so each Defendant could purchase the other's share in the corporation in the event of one's untimely death. The trial court did not specifically list the payment of these premiums as an improper expense or as a shareholder loan on which interest would be due. In his testimony, the Receiver indicated that the premiums were probably listed on the corporate books as a regular expense, and as such, are part of the "disallowed expenses" previously discussed. The trial court agreed. We find no error in this conclusion. The disallowed expenses are not itemized; rather, they are an *in globo* amount meant to include a variety of items the Defendants should not have listed in their books as corporate expenses and should not have been incurred by the corporation.

We find the Receiver presented sufficient evidence to support his restatement proposal, as refined by the trial court. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between the Plaintiff and the Defendants.

**AFFIRMED.**