# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1180


**DELANO PLANTATION, ET AL.**

**VERSUS**

**JUNE LOWREY, ET AL.**


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 90-C-0377-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Stanford B. Gauthier II**
**Attorney at Law**
**1405 West Pinhook Rd, Ste 105**
**Lafayette, La 70503**
**(337) 234-0099**
**Counsel for Other Appellant:**
**Alice Ann Lowrey Robinson**

**Douglas C. Longman  Jr.**
**Longman Russo, APLC**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 261-1200**
**Counsel for Other Appellee:**
**Charles A. Going, CPA**

**G. Frederick Seemann**
**Attorney at Law**
**401 Audubon, Suite 103A**
**Lafayette, LA 70503**
**(337) 234-3766**
**Counsel for Defendant Appellee:**
**Brandon Lowrey**
**Lainnie Lowrey Capouya**
**Alice Lowrey Angel**

**Jonathan D. Mayeux**
**Attorney at Law**
**1405 W. Pinhook Rd, Ste 105**
**Lafayette, LA 70503**
**(337) 234-0099**
**Counsel for Other Appellant:**
**Alice Ann Lowrey Robinson**

**Nichole LaBorde Romero**
**Attorney at Law**
**1405 W. Pinhook Rd, Ste 105**
**Lafayette, LA 70503**
**(337) 234-0099**
**Counsel for Other Appellant:**
**Alice Ann Lowrey Robinson**

**Alice Ann Lowrey Robinson**
**In Proper Person**
**104 Donald Drive**
**Lafayette, LA 70503**
**(000) 000-0000**
**Counsel for Other Appellant:**
**Alice Ann Lowrey Robinson**

**Kristi D. Husher**
**Attorney at Law**
**1405 W. Pinhook Rd., Suite 105**
**Lafayette, LA 70503**
**(337) 234-0099**
**Counsel for Other Appellant:**
**Alice Ann Lowrey Robinson**

**GREMILLION, Judge.**

Before the court is another skirmish in an eighteen-year-long war between the shareholders of Delano Plantation, Inc. In 1990, Anne Robinson and her mother, Clementine Lowrey, now deceased, brought this derivative suit against defendants, Brandon Lowrey, Lainnie Lowrey Capouya, Amy Lowrey Angel, and June Lowrey, whom we will collective refer to as the Lowrey defendants, alleging mismanagement of the corporation throughout the 1980s. In 1996, Charles Going, a certified public accountant, was named temporary receiver. Going was named permanent receiver in 1999. That appointment was appealed and this court affirmed his appointment in *In re: Delano Plantation, Inc. v. Lowrey*, 99-1752 (La.App. 3 Cir. 6/7/00), 770 So.2d 798, *writ denied*, 00-2564 (La. 11/13/00), 774 So.2d 149.

Going prepared a restatement of the corporation's assets to revalue the corporation had the mismanagement not occurred. With revisions, the restatement was adopted as a judgment of the trial court. Again, the matter came before this court. In *Delano Plantation v. Lowrey*, 05-1337 (La.App. 3 Cir. 4/5/06), 926 So.2d 728, we affirmed the trial court's judgment that added back to the corporation's assets the following charges: $1,028,332.00 in excess farming expenses; $272,015.00 in excess officers' salaries; $16,984.00 in legal fees unrelated to the corporation; a $136,848.00 judgment paid to Anne Robinson with interest of $13,146.00; and loans to shareholders totaling $78,603.00 with interest of $88,642.00. Additionally, the value of the corporation was to reflect a "tax effect" of $627,225.00, to be subtracted from the stated assets. Also included in that judgment was an allocation of the percentages of corporate ownership that factored the death of Clementine Lowrey, her bequest of her estate in toto to Anne Robinson, and the effect of forced heirship on

1

the part of the Lowrey defendants at the time of Clementine Lowrey's death.

In March 2007, Robinson filed a petition for writ of mandamus to force Going to prosecute or settle the claims against the Lowrey defendants for the charges encompassed in the judgment, and to force him to collect any outstanding lease payments due the corporation along with late charges. Going filed a rule to show cause against Robinson and the Lowrey defendants to require them to obtain a partial judgment of possession in the succession of Clementine Lowrey, a matter pending in the 15th Judicial District in Lafayette Parish.

The hearing on the receiver's motion and the writ of mandamus was held on May 12, 2008. The trial court denied the motion for writ of mandamus and the motion to require the parties to obtain a partial judgment of possession. The trial court found that the motion to require the partial judgment of possession was res judicata by virtue of having been part of the 2005 judgment that was appealed. In its judgment, the trial court restated the percentage of ownership that had been assessed in the 2005 judgment.

Anne Robinson appeals the denial of mandamus and the allocation of the percentages of ownership. For the reasons that follow, we affirm.

**ANALYSIS**

*Assignment of error number one:* Robinson asserts as error the trial court's denial of her petition for writ of mandamus, finding that the judgment was not a money judgment; and the ruling of the trial court regarding the percentages of ownership not including the succession of Clementine Lowrey, as that case was pending in the 15th JDC and was thus outside the judge's authority.

Code of Civil Procedure article 3861 provides that mandamus is a writ directing

2

a public officer or a corporation or a corporate officer to perform any of the duties set forth in articles 3863 and 3864. Comment (c) provides that the term "duties" is limited to those set forth in articles 3863 and 3864. Over the years, courts have utilized the terms "ministerial" and "discretionary" in drawing the distinction between functions of the office that can or cannot be subject to mandamus. Mandamus is an extraordinary remedy and should not be granted if the duty sought to be enforced is subject to any discretion whatsoever on the party of the officer owing the duty. *State v. Hoag*, 04-0857 (La. 12/1/04), 889 So.2d 1019.

Code of Civil Procedure article 3864 provides that a writ of mandamus may be directed to a corporation or an officer thereof to compel the holding of an election or the performance of other duties required by the corporate charter or bylaws or prescribed by law, or for the recognition of the rights of the members or shareholders. In *Levy v. Billeaud*, 399 So.2d 775 (La.App. 3 Cir. 1981), this court was asked to reverse the trial court's dismissal of a suit for mandamus against a corporate liquidator to compel him to distribute the assets of the corporation to the shareholders. Because the law provided remedies by ordinary means, and it did not appear that resort to ordinary means would result in delay causing injustice, we affirmed. The court noted that mandamus had been granted to: uphold a shareholder's right to examine the books and records of the corporation, require the corporation to issue stock for which a shareholder had paid, uphold a shareholder's right to statutorily require financial information, and receive a copy of the corporation's annual report. It distinguished the current case on the basis that the rights on which the case was founded were not clear and specifically fixed, but were greatly questioned and, viewed in a light most favorable to petitioners, in serious and

3

bona fide dispute.

Receivership is governed by the Title 12 of the Louisiana Revised Statutes. Louisiana Revised Statute 12:152 provides that a receiver shall have all the powers granted a judicial liquidator in La.R.S. 12:146(C). That section provides that a liquidator "shall have full authority to retain counsel and auditors, and to prosecute and defend actions; shall have authority to compromise, compound and settle claims by or against the corporation upon such terms as he deems best, subject to supervision by the court; and shall have such other powers as the court may in its discretion grant, which, without limiting the scope of the court's discretion, may include any or all powers enumerated in La.R.S. 12:145(C)." This grants the discretion to perform these duties. Had the legislature intended to mandate the liquidator perform these various functions, it could have done so without stating that he had "the authority" to perform them.

The petition filed by Robinson sought to require Going to prosecute or settle the claims against the Lowrey defendants, or in failing that, to have Going replaced. The decision to pursue litigation—and certainly to settle litigation—is necessarily discretionary. A number of factors must be considered, such as weighing the cost against the intended benefit, and ones chances of success. This necessary discretion is reason sufficient to deny mandamus.

In this particular case, Robinson also sought to force Going to collect past-due rents and late fees. Again, collection is like any other legal proceeding, and discretion must be accorded in terms of working out arrangements with tenants who are behind to have those past-due amounts paid, compromising those claims, and waiving late fees. Mandamus is not an appropriate vehicle for this, either.

4

That this judgment constitutes a money judgment does not affect our analysis. As stated previously, collection of a money judgment still requires the exercise of discretion on the part of the receiver.

*Assignment of error number two:* The second assignment of error stems from the trial court recognizing in its May 23, 2008 judgment the percentages of ownership that had been allocated in its February 1, 2005 judgment. Going contended that Clementine Robinson held a 16.9% interest in the corporation on her death, and sought to force Robinson and the Lowrey defendants to obtain a partial judgment of possession in Clementine Lowrey's succession. However, the Lowrey defendants convinced the trial court that the February 1, 2005 judgment apportioned the ownership interests in accordance with Going's restatement. Going's restatement factored in the percentages of Clementine's estate and how that would be divided. Thus, that judgment effectively rendered any decree from the succession proceedings moot. The trial court agreed with that position and denied the rule to force action in the succession proceedings.

Robinson contends that this improperly invaded the province of the court presiding over the succession proceedings. We are faced with the issue of whether, by reiterating in the May 2008 judgment the ownership percentages contained in the February 2005 judgment, the trial court reopened this issue for appeal. That portion of the February 2005 judgment was not appealed. If the appeal is not reopened by this reiteration, it is final and should not be heard now.

In *Smith v. White*, 411 So.2d 731 (La.App. 3 Cir. 1982), *writ denied*, 413 So.2d 508 (1982), the plaintiff sued on a promissory note. The defendant reconvened to seek cancellation of a gravel lease and damages to his property. The trial court ruled

5

in favor of the plaintiff and awarded $6,234.00 plus attorneys fees, and also found for the defendant and ordered the gravel lease canceled, but awarded nothing for damages to his land. On appeal, *Smith v. White*, 398 So.2d 178 (La.App. 3 Cir. 1981), the matter was remanded for full consideration of the reconventional demand. On remand, the trial court rendered judgment in favor of plaintiff, again for $6,234.00, and in favor of defendant for $17,500.00. Both sides appealed. We held that it was harmless error for the court to have reiterated the original amount awarded to the plaintiff, as that judgment was already final.

The present case is identical. The judgment allocating the percentages of ownership was rendered and signed in 2005. That allocation of ownership was not appealed. It became a final judgment. This assignment of error, then, is without merit.

## CONCLUSION

A receiver is vested with great discretion in governing the corporation's affairs. Two areas in which this discretion is granted is over pursuing and/or compromising litigation. The fact that these matter are discretionary renders a writ of mandamus an inappropriate remedy.

The matter of the percentages of ownership of the corporation had already been litigated and reduced to judgment in 2005. That portion of the 2005 judgment was not appealed. The trial court's reiteration of these percentages in the 2008 judgment did not revive this issue for appeal.

Costs of the appeal are taxed to plaintiff.

**AFFIRMED.**